**David Dene MARTIN,
Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, and William J. Guste, Attorney General of the State of Louisiana, Respondents-Appellees.**

No. 81–3494.

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1984.

Richard E. Shapiro, Division of Public Interest Advocacy, Dept. of Public Advocate, Trenton, N.J., for petitioner-appellant.

David Dene Martin, pro se.

Wm. J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., New Orleans, La., John J. Erny, Jr., Larose, La., John J. Erny, Jr., Asst. Dist. Atty., LaFourche Parish, Thibodaux, La., for respondents-appellees.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion August 15, 1983, 5th Cir.1983, 711 F.2d 1273)

PER CURIAM:

David Dene Martin, a Louisiana state prisoner under sentence of death, sought both panel rehearing and rehearing en banc of our decision denying his application for a writ of habeas corpus.[1] He renewed his challenge both to the adequacy of his trial counsel's performance and to Louisiana's system for comparative review of death sentences. No member of the panel and no judge in regular active service of the court has requested that the case be polled on rehearing en banc.[2] The panel, however,

---

1. *Martin v. Maggio,* 711 F.2d 1273 (5th Cir. 1983).

2. *See* Federal Rules of Appellate Procedure and Local Rule 35.

has withheld final action on the petition for rehearing pending the Supreme Court's decision in *Strickland v. Washington*.[3]

Following the rendition of that opinion, the panel gave counsel additional time within which to file supplemental briefs addressing the issues in this case in the light of the Court's decision. Having studied both the Court's opinion and counsel's briefs, we deny the petition for rehearing.

■ Martin's comparative-review argument requires little discussion. The panel opinion simply applied the en banc decision in *Williams v. Maggio*,[4] which held that Louisiana's system of comparative review of death sentences was constitutionally adequate.[5] The Supreme Court's recent decision in *Pulley v. Harris*,[6] which upheld California's capital scheme notwithstanding its failure to provide comparative proportionality review, amply supports that result. We turn to the application of the principles set forth in *Washington v. Strickland* to the contention that trial counsel was ineffective when representing Martin.

The Court in *Washington* announced a standard for determining whether counsel was ineffective. While specific guidelines are not appropriate, it said, courts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."[7] "Judicial scrutiny of counsel's performance must be highly deferential."[8] If the defendant

proves that counsel was ineffective, he must "affirmatively prove prejudice."[9] He must "show that there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[10]

The Court then discussed "practical considerations" involved in application of the tests it had outlined. It admonished lower courts to eschew a mechanical approach to ineffective-assistance-of-counsel cases. "[T]he ultimate focus of inquiry must be the fundamental fairness of the proceeding whose result is being challenged ... [and] whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results."[11] The Court also decreed that, "[t]o the extent that this has already been the guiding inquiry in the lower courts, the standards articulated today do not require reconsideration of ineffectiveness claims rejected under different standards.... With regard to the prejudice inquiry, only the strict outcome-determinative test, among the standards articulated in the lower courts, imposes a heavier burden on defendants than the tests laid down today. The difference, however, should alter the merit of an ineffectiveness claim only in the rarest case."[12] The Court then proceeded to apply these standards to the facts before it, and concluded that counsel's failure to investigate and to present a different line of defense at Washington's sentencing hearing was the result of rea-

---

3. — U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

4. 679 F.2d 381, 394–95 (5th Cir.1982) (en banc).

5. *Martin v. Maggio*, 711 F.2d 1273, 1286 (5th Cir.1983).

6. — U.S. ——, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984).

7. *Id.,* — U.S. at ——, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

8. *Id.,* — U.S. at ——, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

9. *Id.,* — U.S. at ——, 104 S.Ct. at 2067, 80 L.Ed.2d at 697.

10. *Id.,* — U.S. at ——, 104 S.Ct. at 2068, 80 L.Ed.2d 698 (emphasis added).

11. *Id.,* — U.S. at ——, 104 S.Ct. at 2069, 80 L.Ed.2d 699.

12. *Ibid.*

sonable professional judgment. The Court also determined that, "[g]iven the overwhelming aggravating factors, there is no reasonable probability that the omitted evidence would have changed the conclusion that the aggravating circumstances outweighed the mitigating circumstances and, hence, the sentence imposed."[13]

 In our prior opinion, we held that, even indulging every credibility determination that a factfinder might make in Martin's favor, no jury would have accepted the intoxication defense that Martin suggests should have been offered instead of the defense relied upon.[14] We also set forth our reasons for reaching that conclusion in detail and do not reiterate them. In addition to the evidence referred to in that opinion, further evidence is mentioned in the Louisiana Supreme Court opinion affirming Martin's conviction.[15] The evidence indicates that Martin carefully planned the murders in advance; had to reload the revolver twice, one shell at a time, in order to shoot the number of rounds that he expended in committing the murders; confessed the murders to five different persons over a period of several hours without any indication that he had ever suffered from any amnesia; indicated to each that he acted deliberately; explained that once he had started shooting, he couldn't stop; pulled the trigger fifteen times; gave two expended shells to a friend to dispose of so that this evidence would not be found; had blood on his clothes and bathed that night; and said to his wife, "I did it for you, baby." We have no doubt, certainly no reasonable one, that, in the face of this evidence, a jury would have acquitted Martin on the thesis that PCP sometimes (or commonly) may impair a person's ability to form criminal intent.

 The crucial question in an intoxication case is whether the accused had the capacity to form the specific intent to kill when he caused the death of the individual with which he is charged. Even at this time counsel for Martin, in urging that we remand the case to the district court to provide an opportunity for him to present additional evidence on the prejudice issue, does not proffer any additional evidence that would affirmatively prove the prejudice that is indispensable to relief.

For these reasons, we conclude that Martin has not shown that he suffered any prejudice by the action of his trial counsel and that we must deny his petition for rehearing. Doing so, we note that the Louisiana Supreme Court affirmed his conviction and sentence by a 4-3 decision, the three dissenters arguing that the death penalty was inappropriate in this case,[16] and that much of the evidence proferred in the habeas corpus evidentiary hearing concerning his character and the circumstances that preceeded his rampage was not presented to the jury. These should be presented to those state authorities who have power to grant clemency for such action, if any, as they may see fit. It is our legal duty to affirm the conviction and sentence. The power of mercy lies in other hands.

For these reasons, the application for rehearing is DENIED.

---

**13.** *Id.,* —— U.S. at ——, 104 S.Ct. at 2071, 80 L.Ed.2d at 701.

**14.** 711 F.2d at 1281–82.

**15.** *State v. Martin,* 376 So.2d 300, 302–03, 312 (La.1979).

**16.** 376 So.2d at 314–17.