No. 85-5815. ADAMS *v.* WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL. C. A. 11th Cir. Certiorari denied. ▮

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Because the Court's refusal to grant certiorari · in this case allows the State of Florida to proceed with the execution of a defendant whose conviction may well rest upon a ground that the Florida Supreme Court has held invalid, I must dissent from the denial here.

Since *Stromberg* v. *California,* 283 U. S. 359 (1931), this Court has recognized that "a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground." *Zant* v. *Stephens,* 462 U. S. 862, 881 (1983). See *Chiarella* v. *United States,* 445 U. S. 222, 237, n. 21 (1980); *Leary* v. *United States,* 395 U. S. 6, 31–32 (1969). Although in *Stromberg,* the Court was concerned that the jury might have held the defendant criminally liable for conduct protected by the First Amendment, the rationale of that decision should not be limited to cases in which a general verdict may be based upon a ground repugnant to the Federal Constitution. Where a jury has been instructed that it may convict a defendant upon an invalid ground, the reason for that invalidity is not important. See *Chiarella* v. *United States, supra,* at 237, n. 21 ("We may not uphold a criminal conviction if it is impossible to ascertain whether the defendant has been punished for noncriminal conduct"). What offends the Due Process Clause is the possibility that the jury may have condemned the defendant for reasons that as a matter of law—be it statutory or constitutional—cannot support the verdict. The existence of such a possibility is all too real in this case and demands that petitioner's conviction be set aside.

Petitioner was arrested and charged with the murder of an 8-year-old girl. In statements to the police, he admitted removing the victim's clothes, using rope to tie her hands, and placing plastic bags over her body. He said he thought he had tried to have sexual relations with the victim but either could not do it or could

not bring himself to do it. 764 F. 2d 1356, 1358 (CA11 1985). The indictment brought against petitioner alleged that he had "murdered the victim, unlawfully, from a premeditated design by strangling." *Adams* v. *State*, 412 So. 2d 850, 852 (Fla. 1982). The circumstances of the crime might easily have led jurors to believe that even if petitioner had not premeditated the homicide, he nevertheless had killed the girl in the course of an attempted rape. Under state law, such a felony-murder theory was not foreclosed by the indictment, *ibid.*, and it does not appear that the prosecution ever indicated its intention to rely solely upon a theory of premeditated murder.

The trial court's instruction made clear the availability of either felony murder or premeditated murder as a basis for a first-degree murder conviction. At the close of trial, the court instructed the jury that it would not have to find that petitioner had a "premeditated design to kill" in order to convict him of first-degree murder. The court explained:

> "The killing of a human being in committing, or in attempting to commit any arson, rape, robbery, burglary, abominable and detestable crime against nature or kidnapping is murder in the first degree, even though there is no premeditated design or intent to kill.
>
> "If a person kills another while he is trying to do or commit any arson, rape, robbery, burglary, abominable and detestable crime against nature or kidnapping, or while escaping from the immediate scene of such crime the killing is in the perpetration of or in the attempt to perpetrate such arson, rape, robbery, burglary, abominable and detestable crime against nature or kidnapping and is murder in the first degree." *Ibid.*

The jury proceeded to convict petitioner of first-degree murder. Long before petitioner's trial, however, the Florida Supreme Court had held the statutory term "crime against nature" too vague to sustain a conviction. *Franklin* v. *State*, 257 So. 2d 21 (Fla. 1971). Indeed, in affirming petitioner's conviction, the Florida Supreme Court admitted that the instruction here "included references to two crimes which do not exist, to wit: rape and an abominable and detestable crime against nature." 412 So. 2d, at 852. Were it possible, therefore, that in reaching their general verdict the jury relied on a felony-murder theory based upon the

sexual aspects of the killing, the conviction unquestionably would have to be overturned under *Stromberg*.

Finding no such possibility, the Court of Appeals affirmed the District Court's refusal to grant petitioner's habeas petition. The Court of Appeals concluded:

> "The trial court's reference to the capital felony of killing during the commisssion of or an attempt to commit rape, a crime against nature, or kidnapping as murder in the first degree appears early in the instructions as part of what were, in essence, statutory definitions. The actual and controlling charge came later in the instructions, when the trial court told the jurors that, if the elements of homicide were found, their next task would be to determine its degree. At this point, premeditated murder was the only killing stated to constitute murder in the first degree. Therefore, the jurors were actually instructed to consider only premeditated murder as murder in the first degree." 764 F. 2d, at 1362–1363.

I cannot accept the Court of Appeals' distinction between the "statutory" section of the trial court's instructions and the later, "controlling" part. Although the trial court's focus on premeditated murder came in the context of its "summary" of the entire charge, the jury can hardly be presumed to have forgotton the lengthy explanation of first-degree murder that had come before. The sexual overtones of the crime make it impossible to eliminate the possibility that the jury seized upon the references to rape and "crime against nature" and made them dispositive here. So long as such a possibility exists, *Stromberg* requires that petitioner's conviction be set aside.

This Court's refusal to grant certiorari in *Dobbert* v. *Wainwright*, 468 U. S. 1231 (1984), a case raising a *Stromberg* claim very similar to the one here, might have been attributed to the majority's belief that the constitutional claim there had not been properly preserved. *Id.*, at 1244–1246 (MARSHALL, J., dissenting from denial of stay of execution and of certiorari). No such procedural bar exists here, and the Court's refusal to consider petitioner's claims is even less excusable. I dissent.