**Theodore Robert BUNDY,
Petitioner-Appellant,**

v.

**Richard L. DUGGER, Secretary, Department of Corrections, State of Florida, Respondent-Appellee.**

**Nos. 86–3773, 86–5509.**

United States Court of Appeals,
Eleventh Circuit.

April 2, 1987.

Amending Order April 27, 1987.

Opinion on Denial of Rehearing
May 15, 1987.

Legal Affairs, Tallahassee, Fla., for respondent-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Theodore Robert Bundy brings this appeal from a denial of his petition for a writ of habeas corpus. Bundy was convicted and sentenced to death by the Circuit Court of Columbia County, Florida, for the abduction and murder of twelve-year-old Kimberley Leach. On direct appeal, the Florida Supreme Court affirmed both the conviction and the sentence. *Bundy v. State,* 471 So.2d 9 (Fla.1985), *cert. denied,* —— U.S. ——, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986). After the Governor of Florida signed a death warrant scheduling Bundy's execution for November 18, 1986, Bundy filed with the trial court a motion to vacate his conviction and sentence under Fla.R. Crim.P. 3.850. The trial court summarily denied Bundy any relief on November 17. Later that day, the Florida Supreme Court both affirmed the trial court's denial of Bundy's Rule 3.850 motion and denied Bundy's petition for a writ of habeas corpus.

Bundy then immediately filed an application for a stay of execution, a petition for a writ of habeas corpus, and an application for a certificate of probable cause with the United States District Court for the Middle District of Florida. The state, anticipating that Bundy would file a petition for a writ of habeas corpus, had previously filed the trial record with the district court. Having reviewed the trial record in advance, the district court dismissed, without a hearing, the petition and denied the application for a stay of execution and for a certificate of probable cause. This Court subsequently granted a certificate of probable cause and a stay of execution pending appeal. *Bundy v. Wainwright,* 805 F.2d 948 (11th Cir. 1986).

James E. Coleman, Jr., Wilmer, Cutler & Pickering, Polly Nelson, John Byron Sandage, Washington, D.C., John F. Evans, Holly R. Skolnick, Coral Gables, Fla., for petitioner-appellant.

Gregory Costas, Andrea Smith Hillyer, John M. Koenig, Jr., Mark Menser, Raymond L. Marky, Asst. Attys. Gen., Dept. of

In this appeal Bundy raises numerous claims challenging both his conviction and his sentence. Bundy initially contends that he was incompetent to stand trial and that he was denied a full and fair competency hearing. *See Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). A defendant is mentally incompetent to stand trial if he lacks a " 'sufficient present abili-

ty to consult with his lawyer with a reasonable degree of rational understanding'" and if he lacks "'a rational as well as factual understanding of the proceedings against him.'" *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960). A defendant is not entitled to an evidentiary hearing on his claim of incompetency unless he "presents clear and convincing evidence to create a 'real, substantial and legitimate doubt as to [his] mental capacity ... to meaningfully participate and cooperate with counsel....'" *Adams v. Wainwright,* 764 F.2d 1356, 1360 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986) (quoting *Bruce v. Estelle,* 483 F.2d 1031, 1043 (5th Cir.1973)). "The standard of proof is high. The facts must 'positively, unequivocally and clearly generate' the legitimate doubt." *Id.*

The district court dismissed this claim, finding that Bundy was not entitled to an evidentiary hearing because he had failed to present sufficient evidence raising a legitimate doubt as to his competence to stand trial. In making that finding, the district court first noted that a trial court in Leon County had found Bundy competent to stand trial.[1] The district court then stated that Bundy's failure to raise this claim at trial in this case was "highly significant" and that "[i]t would be 'a perversion of the judicial process' to allow petitioner to waive any challenge to his competence at trial and then permit a new trial on the grounds that he was not granted a hearing on his competence."

■ Admittedly, we must accept the district court's finding that Bundy failed to produce sufficient evidence generating a legitimate doubt as to his competence to stand trial unless that finding is clearly erroneous. *Id.* However, our review of the record convinces us that the district court erred in concluding that Bundy was not entitled to an evidentiary hearing on this claim.

■ First, the district court erroneously relied on the finding of competency in the Leon County case because the record of the competency hearing in that case had not been filed with it. A state court's finding that a defendant was competent to stand trial is not entitled to a presumption of correctness unless the state court applied the correct legal standard for determining competency to stand trial and unless its conclusion that the defendant met that standard is supported by substantial evidence developed at a full and fair hearing. *Price v. Wainwright,* 759 F.2d 1549, 1551–52 (11th Cir.1985). Without the record of the competency hearing in the Leon County case before it, however, the district court could not have determined that the Leon County court applied the correct legal standard and that its conclusion was supported by substantial evidence. Consequently, even assuming *arguendo* that the Leon County court's determination of Bundy's competency to stand trial is relevant to this case and is otherwise admissible in this proceeding, the district court's reliance on the Leon County court's finding of competency was improper.

Second, the district court improperly weighed the evidence in the record. Although defense counsel's failure to question at trial his client's competency can be highly persuasive evidence that the petitioner's competence to stand trial was not in doubt, *Adams,* 764 F.2d at 1360; *Reese v. Wainwright,* 600 F.2d 1085, 1092 (5th Cir.), *cert. denied,* 444 U.S. 983, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979), the district court unduly emphasized defense counsel's failure to do so here.[2] As indicated, the

---

1. During the time Bundy was awaiting trial in this case, he was convicted and sentenced to death for the murder of two Chi Omega Sorority members in Tallahassee ("Leon County case"). *Bundy v. State,* 455 So.2d 330 (Fla.1984). After Bundy reneged on a plea agreement covering both this case and the Leon County case, the trial court in the Leon County case, upon both the state's and defense counsel's request, conducted a competency hearing. As a result of that hearing, the Leon County court found Bundy competent to stand trial. In his habeas petition challenging the Leon County conviction, Bundy claims that he was denied a full and fair competency hearing. This Court has recently remanded Bundy's habeas challenge in that case

to the district court for proper consideration under 28 U.S.C.A. § 2254. *Bundy v. Wainwright,* 808 F.2d 1410 (11th Cir.1987).

2. We emphasize that the inquiry here is limited to whether defense counsel suspected that his client was incompetent to stand trial. Whether the defendant believed he was competent to stand trial is irrelevant for, if a defendant is incompetent to stand trial, his belief that he is able to do so is without import. *Cf. Pate,* 383 U.S. at 384, 86 S.Ct. at 841 ("[I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial.").

trial court in the Leon County case determined that Bundy was competent to stand trial. Because this case and the Leon County prosecution were contemporaneous and because a competency claim in this case would have rested on much of the same evidence that the Leon County court apparently rejected, defense counsel may have concluded that the trial court here also would have denied any relief on a competency claim. He could have reached that conclusion even though he seriously doubted Bundy's competency to stand trial. Therefore, because trial counsel's failure to raise this claim gives rise to conflicting inferences, the district court attached too much weight to the failure to raise this claim at trial.

In contrast, the district court seemingly ignored strong indicia of Bundy's incompetence to stand trial. After the sentencing jury recommended the death sentence, defense counsel offered to the court the report of Dr. Tanay. The trial court in the Leon County case appointed Dr. Tanay, a clinical psychiatrist, to examine Bundy. Dr. Tanay interviewed Bundy and defense counsel in the Leon County case and examined Bundy's behavior during police interrogations and in the courtroom. As a result, Dr. Tanay concluded that Bundy "lacks a rational understanding of what is facing him" and that he probably lacks "sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding" and recommended that the court conduct an inquiry into Bundy's competency to stand trial. Such evidence—the uncontradicted opinion of a qualified psychiatrist directed expressly towards the relevant legal standard—is far more significant than defense counsel's failure to raise this claim at trial. The district court, however, failed even to mention Dr. Tanay's report.

In addition, the record contains several instances in which Bundy apparently ignored the advice of his counsel such as when he gave statements to the police and when he reneged on the plea agreement. Furthermore, despite his counsel's urging

to the contrary, Bundy refused to offer any mitigating evidence to the sentencing jury. Instead, Bundy insisted on performing a mock wedding ceremony with his fiancee before them. Such conduct standing alone may not constitute a "history of pronounced irrational behavior" warranting a competency hearing. *Pate*, 383 U.S. at 386, 86 S.Ct. at 842. However, a court must consider the aggregate effect of the indicia of a defendant's incompetence. *Drope v. Missouri*, 420 U.S. 162, 179–80, 95 S.Ct. 896, 907–08, 43 L.Ed.2d 103 (1975). Bundy's behavior throughout this prosecution reinforces Dr. Tanay's conclusion that Bundy lacked a rational understanding of the case against him and that Bundy could not rationally consult with counsel. We believe that the district court gave too little weight to that fact.

Furthermore, it is highly significant that both defense counsel and the state moved for a competency hearing in the Leon County case after Bundy refused to accept a joint plea offer. Bundy's behavior in rejecting that plea offer was central to the state's decision to request a competency hearing in the Leon County case. Because the joint plea agreement covered both this case and the Leon County case, the trial judge in this case attended the hearing where Bundy theatrically rejected the plea offer. Bundy's behavior at that hearing, atop his already suspect behavior, sufficed to question seriously his competency to stand trial in the Leon County case. It has the same effect here.

Finally, the district court erred in denying a hearing on the ground that, because Bundy did not raise this claim at trial, granting him a hearing now would be a "perversion of justice." A defendant cannot waive his right not to stand trial if he is incompetent. *Pate*, 383 U.S. at 384, 86 S.Ct. at 841; *Adams*, 764 F.2d at 1359. Thus, a defendant can challenge his competency to stand trial for the first time in his initial habeas petition and, if he presents facts raising a legitimate doubt as to his competency to stand trial, he is entitled to an evidentiary hearing in the district court.

---

We note also that any instruction from Bundy to his trial counsel not to challenge his competency does not foreclose our inquiry. If defense counsel suspects that the defendant is unable to consult with him " 'with a reasonable degree of rational understanding,' " *Dusky*, 362 U.S. at 402, 80 S.Ct. at 789, he cannot blindly accept his client's demand that his competency not be challenged. *See Thompson v. Wainwright*, 787

F.2d 1447, 1451 (11th Cir.1986) (defense counsel cannot "blindly follow" defendant's instructions concerning his defense, especially where counsel suspects defendant's judgment impaired by "mental difficulties"). Therefore, defense counsel's failure to challenge Bundy's competency may have probative value even though Bundy instructed him not to raise such a claim.

*See, e.g., Price v. Wainwright,* 759 F.2d 1549, 1553 (11th Cir.1985); *Bolius v. Wainwright,* 597 F.2d 986, 988 (5th Cir.1979). *But see Thomas v. Wainwright,* 788 F.2d 684, 688 (11th Cir.1986) (petitioner not entitled to hearing on competency claim raised in second habeas petition where claim was raised at trial and no excuse exists for failure to raise it in first habeas petition).

We do not suggest in any way, however, that Bundy was incompetent to stand trial. That determination can be made only after a full and fair evidentiary hearing. We hold simply that the district court's finding that Bundy failed to present evidence sufficient to warrant an evidentiary hearing on his competency to stand trial is clearly erroneous.

Accordingly, we REMAND this case to the district court for the limited purpose of conducting an evidentiary hearing into Bundy's competency to stand trial. Furthermore, because of the significant overlap in evidence, we will by separate order, filed contemporaneously with this memorandum opinion, order the competency hearing in the Leon County case CONSOLIDATED with the competency hearing in this case and instruct the district court here to schedule expeditiously and conduct both hearings. We retain jurisdiction over the remainder of this appeal.

### ORDER OF CONSOLIDATION

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

#### BY THE COURT:

For the reasons stated in the memorandum opinion of this Court made and entered in *Bundy v. Wainwright,* No. 86–3773, it is ORDERED that the competency hearings required in this case and in the Leon County case, *Bundy v. Wainwright,* No. 86–5509, be and they are hereby consolidated, with the competency hearings in both cases to be conducted by the United States District Court for the Middle District of Florida.

The United States District Court for the Middle District of Florida is DIRECTED to schedule expeditiously and conduct both competency hearings and to file its findings of fact and conclusions of law with this Court.

1. In addition to the contention discussed above, the state also argues that we erred in remanding this case for an evidentiary hearing because we "misapprehended or overlooked" the legal significance of Bundy's purported waiver of his

### AMENDING ORDER

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

#### BY THE COURT:

The joint order entered by the court in these cases on April 2, 1987, consolidating them for purposes of a hearing on competency to stand trial is VACATED.

The last paragraph of the opinion of this court entered in No. 86–3773 on April 2, 1987, p. 568, is VACATED and the following is substituted in lieu thereof:

Accordingly, we REMAND this case to the district court for the limited purpose of conducting an evidentiary hearing into Bundy's competence to stand trial. The court shall schedule expeditiously and conduct such competency hearing and file its findings of fact and conclusions of law with this court. We retain jurisdiction over the remainder of this appeal.

In No. 86–5509, p. 568, it is ORDERED that the proceedings shall be expedited. Should the district court in that case determine that a competency hearing is required, and the court has not yet completed the competency hearing required in No. 86–3773, either party to No. 86–5509 may petition this court to re-consolidate the two cases for purposes of determining competence to stand trial, and this court reserves jurisdiction to act on such a request.

### ON PETITION FOR REHEARING

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

#### PER CURIAM:

Respondent-appellee Richard L. Dugger has filed a petition for rehearing and suggestion for rehearing en banc of this court's April 2, 1987 opinion in the above-captioned case. In point I of the petition, the appellee contends that we erred in remanding the case to the district court for an evidentiary hearing on the petitioner-appellant's competency to stand trial because our decision to remand was predicated on a mistaken belief that the transcript from a state court competency hearing was not filed with the district court prior to its rejection of Bundy's petition for a writ of habeas corpus.[1]

right to raise a claim of incompetence. We reject this contention and adhere to the portion of our April 2, 1987 opinion addressing the issue of waiver.

Upon further review of the record in this case, we acknowledge that the transcript from the state court competency hearing was indeed filed with the district court prior to its rejection of Bundy's petition and that we were mistaken in believing otherwise. The transcript was not filed with the rest of the state court record on November 4, 1986, but was attached as an exhibit to the state's response to Bundy's Rule 3.850 motion. All of the papers relating to Bundy's Rule 3.850 proceedings were filed on November 17, 1986, the same day that the district court ruled on Bundy's habeas petition.

That error notwithstanding, however, we conclude that there remains sufficient evidence in the record to require the district court to hold an evidentiary hearing on Bundy's competency to stand trial. While the addition of the evidence in the state competency proceeding possibly makes this a closer question, our review of the entire record still convinces us that the district court erred in concluding that Bundy was not entitled to an evidentiary hearing on his competency claim.

Accordingly, Dugger's petition for rehearing is DENIED.

