ON RETURN TO REMAND
The appellant, Larry Dennis Roy, was indicted for capital murder in the killing of David Wayne Brown, the boyfriend of the appellant's ex-girlfriend. The jury found the appellant guilty as charged in the indictment and recommended a sentence of death. The *Page 937 
trial judge accepted the jury's recommendation and sentenced the appellant to death.
On January 13, 1995, this court remanded this cause to the circuit court with instructions that it conduct an evidentiary hearing to determine whether the State had exercised its peremptory strikes in such a manner so as to discriminate against prospective jurors on the basis of gender. In its return, the trial court found that the prosecutor had provided gender-neutral reasons for the peremptory strikes. We need not review the judge's findings on this issue, however, because the judgment must be reversed and the case remanded for a new trial on another issue.
 I
On January 5, 1991, the appellant filed a "Motion for Preapproval of Extraordinary Expenses." (C.R. 15.) Included in that motion was a request for funds to pay for a mental examination of the appellant. On April 8, 1991, defense counsel filed a motion requesting a mental evaluation of the appellant to determine the appellant's "present mental condition and competency to stand trial" and "the mental condition of the [appellant] at the time of the offenses alleged." (S.R. 285).
On April 18, 1991, the trial court issued an order stating "that sufficient evidence exists to warrant inquiry in the interest of justice into the mental responsibility and the mental capacity of [the] defendant." (C.R. 28). The court ordered that a mental evaluation of the appellant should be conducted and that following the examination, the mental health professionals appointed by the Commissioner of the Departmental of Mental Health and Retardation pursuant to Ala. Code 1975, § 15-16-22 should report its findings to the court "including (a) the mental condition of the Defendant presently, as related to his ability to understand the nature and object of the proceedings against him and his ability to assist his attorney in his defense; (b) whether at the time of the alleged offense the Defendant was suffering from symptoms of the illness, mental retardation, or other psychiatric disorder and, if so, (c) whether at the time of the offense such symptoms contributed to the commission of the offense and, if so, in what manner." (C.R. 29.)
On July 3, 1991, defense counsel made another motion requesting funds, styled as a "Motion for Prior Approval of Extraordinary Expenses for Funds to Hire Qualified Psychiatrist." In the motion, defense counsel stated that in its April order the court had ordered the appellant to submit to a mental evaluation. It is apparent from the record that the evaluation never occurred. Defense counsel stated in his motion that "the issue of Defendant's sanity is expected to be a factor at trial, and further, that such evaluation is necessary in the preparation of Defendant's case and [for the] accurate resolution of the issues of Defendant's competency and sanity." (C.R. 36.)
On that same day, a hearing was held and the following occurred:
 "THE COURT: Then the next matter that we have, and Mr. Roy, I'm addressing this to you personally, is your evaluation at Taylor Hardin Secure Medical Facility. Do you understand that the Court has offered you that opportunity? Could you speak up so this can be heard on the record.
 "THE DEFENDANT: Yeah, I understand. My attorney explained it to me, but I refuse it. I don't need it. I'm not crazy. I'm sane, just as sane as you or anyone else in here, and I refuse it. I don't need to go.
 "THE COURT: I understand. But you understand it's been moved for and that you have been offered that?
"THE DEFENDANT: Yes, sir, I understand that.
 "THE COURT: All right. Do you understand that your attorney has advised you to go?
"THE DEFENDANT: Yes, sir.
"THE COURT: And you still reject that?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Based on your expressed desire not to go, the Court is not going to order you to go. So, any order that he go to Taylor Hardin is hereby rescinded." *Page 938 
(R. 6-7.) The trial court then issued the following order:
 "The Defendant having made known in open Court that he does not desire and will not accept evaluation by a Lunacy Commission appointed by the Department of Mental Health as ordered by the Court on April 18, 1991, and the Court having heard the Defendant and observed him as he expressed his rejection of said evaluation in the presence of his counsel, the above-referenced order of the Court is hereby rescinded.
 "The motion of the Defendant for prior approval of extraordinary expenses for funds to hire a qualified psychiatrist is overruled."
(R. 40.)
Appellate counsel contends that the appellant was denied a fair trial by the trial court's rescinding its order granting the appellant's funds for a psychiatric evaluation.
Section 15-16-22(a), Code of Alabama 1975, provides:
 "(a) Whenever it shall be made known to the presiding judge of a court, by which an indictment has been returned against a defendant for a capital offense, that there is reasonable ground to believe that such defendant may presently lack the capacity to proceed or continue to trial, as defined in Section 22-52-30, or whenever said judge receives notice that the defense of said defendant may proceed on the basis of mental disease or defect as a defense to criminal responsibility; it shall be the duty of the presiding judge to forthwith order that such defendant be committed to the Department of Mental Health and Mental Retardation for examination by one or more mental health professionals appointed by the Commissioner of the Department of Mental Health and Mental Retardation. The commissioner shall place the defendant under the observation and examination of one or more mental health professionals, each of whom is either a licensed psychologist holding a Psy.D or Ph.D degree or a licensed physician who specializes in psychiatry. The assigned mental health professional(s) shall examine the defendant with respect to determining the presence of any mental disease or defect which, if determined to be present, would affect the capacity of the defendant to proceed or continue to trial, or which would affect the defendant's criminal responsibility at the time of the commission of the crime."
After defense counsel made it known to the trial court that he had doubts concerning the appellant's competency and sanity and that he believed that a mental evaluation was necessary to the appellant's defense, the trial court immediately ordered an evaluation pursuant to § 15-16-22. We cannot ascertain from the record why the evaluation was not conducted during the three months intervening between the issuance of the order ordering the evaluation and the issuance of the order rescinding the earlier order. From our review of the relevant portion of the record, we conclude that the trial court rescinded its order authorizing the evaluation based solely on the appellant's objection to the evaluation and his insistence that he was sane. This, we conclude, was error.
In Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836,15 L.Ed.2d 815 (1966), the United States Supreme Court held that "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial."[1] "Whether the defendant believed he was competent to stand trial is irrelevant for, if a defendant is incompetent to stand trial, his belief that he is able to do so is without import." Bundyv. Dugger, 816 F.2d 564, 566, n. 2 (11th Cir. 1987).
The Maryland Court of Appeals in Langworthy v. State,416 A.2d 1287, 1292 (1980), cert. denied, 450 U.S. 960,101 S.Ct. 1419, 67 L.Ed.2d 384 wrote:
 " 'Instances will arise where an obviously incompetent defendant attempts to withdraw *Page 939 
an insanity plea which his counsel previously had entered in his behalf. . . . In such a case, it would be the duty of trial counsel and the responsibility of the court to prevent the improvident withdrawal of the insanity plea. The basic question is one of fundamental fairness, i.e., of insuring that a mentally incompetent defendant is not convicted for a crime he committed at a time when he lacked the requisite mental competency.' "
Numerous courts have addressed this issue and have concluded that an incompetent cannot waive his right to a competency hearing. See also People v. Lucas, 47 Mich. App. 385,209 N.W.2d 436 (1973) (both defendant and his attorney are prohibited from waiving the right to have the court determine defendant's capacity to stand trial); State v. Bauer, 310 Minn. 103, 245 N.W.2d 848 (1976) (trial court has continuing duty during trial to institute procedures to evaluate defendant's competency if a doubt arises as to competency.); In re Davis,8 Cal.3d 798, 505 P.2d 1018, 106 Cal.Rptr. 178 (1973) ("this court has held that when a 'doubt' arises in the mind of the trial judge regarding defendant's present sanity or competence to stand trial, it becomes his duty to certify the defendant for a sanity hearing; the matter is jurisdictional and cannot be waived by defendant or his counsel"); Miller v. State,498 S.W.2d 79 (Mo.App. 1973) (trial counsel held to be ineffective because he purported to waive a competency determination and allow the defendant to plead guilty); Demos v. Johnson,835 F.2d 840 (11th Cir.), cert. denied, 486 U.S. 1023,108 S.Ct. 1998, 100 L.Ed.2d 229 (Ala. 1988). (despite defendant's statement that he was capable of assisting in his defense, the failure of the trial court "to grant a psychiatric examination or to make further inquiry into the accused's competence constituted a Pate violation and denied him a fair trial" under federal and Alabama law); People v. Lowe, 109 A.D.2d 300,491 N.Y.S.2d 529 (1985) (incompetent defendant cannot waive safeguards enacted to ensure that an incompetent person cannot be convicted); People v. Johnson, 15 Ill. App.3d 680,304 N.E.2d 688 (1973) (neither defendant nor trial counsel could waive defendant's right to jury trial in restoration hearing to determine the defendant's competency); Adams v. Wainwright,764 F.2d 1356 (11th Cir. 1985), cert. denied, 474 U.S. 1073,106 S.Ct. 834, 88 L.Ed.2d 805 (1986); (right to a competency hearing cannot waived).
In Dusky v. United States, 362 U.S. 402, 402-03,80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960), the United States Supreme Court defined the test for determining competency as "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." "If defense counsel suspects that the defendant is unable to consult with him ' "with a reasonable degree of rational understanding," ' Dusky,362 U.S. at 402, 80 S.Ct. at 789, he cannot blindly accept his client's demand that his competency not be challenged. See Thompson v.Wainwright, 787 F.2d 1447, 1451 (11th Cir. 1986) (defense counsel cannot 'blindly follow' defendant's instructions concerning his defense, especially where counsel suspects defendant's judgment impaired by 'mental difficulties')."Bundy, 816 F.2d at 566 n. 2.
In the present case, there was ample reason for defense counsel to doubt the appellant's competency. The appellant objected to a mental evaluation. The absence of such an evaluation precluded defense counsel from pursuing the insanity defense and from obtaining mitigating evidence. It is evident from the record that there were disagreements between defense counsel and the appellant over defense counsel's representation of the appellant. Certainly, one would question a defendant's ability to assist counsel when the defendant refuses to allow counsel to pursue a possible defense and to seek mitigating evidence that could possibly save the defendant's life.
Further, there was evidence that the appellant had been drinking heavily on the night of this offense and that he had been a heavy drinker for a number of years. In order to prepare and present an insanity defense or to present mitigating evidence of intoxication or alcoholism, defense counsel needed to enlist psychiatric assistance. If a *Page 940 
mental evaluation had been conducted, defense counsel may have had a basis for a defense of insanity due to intoxication or, at least, to present evidence of the appellant's intoxication as mitigating evidence.
In Ake v. Oklahoma, 470 U.S. 68, 80, 105 S.Ct. 1087, 1094-95,84 L.Ed.2d 53 (1985), the United States Supreme Court held that psychiatric assistance must be provided to indigent defendants "when necessary for an adequate defense, or when insanity is at issue." "[W]hen the State has made the defendants's mental condition relevant to his criminal culpability and to the punishment he might suffer, the assistance of a psychiatrist may well be crucial to the defendant's ability to marshal his defense." Ake, 470 U.S. at 80, 105 S.Ct. at 1095. "[W]ithout the assistance of a psychiatrist to conduct a professional examination on issues relevant to the defense, to help determine whether the insanity defense is viable, to present testimony, . . . the risk of an inaccurate resolution of sanity issues is extremely high." Ake, 470 U.S. at 82,105 S.Ct. at 1096. In Ake, one of the reasons the United States Supreme Court held that the appellant had been denied a fair trial was because he had been denied the assistance of an expert who could have introduced evidence in mitigation of imposition of the death penalty. In this case, defense counsel likewise was denied the opportunity to present evidence which may have aided the appellant's defense or that may have mitigated his punishment.
In Dill v. State, 484 So.2d 491, 497-98
(Ala.Crim.App. 1985), this court, discussing the duty of defense counsel to investigate a possible insanity defense, stated:
 "Counsel has a duty to conduct a reasonable investigation of the possibility of an insanity defense where the accused has a demonstrated history of mental illness. Alvord v. Wainwright, 725 F.2d 1282, 1288-89 (11th Cir.), modified, 731 F.2d 1486 (11th Cir.), cert. denied, 469 U.S. 956, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984); Mauldin v. Wainwright, 723 F.2d 799, 800 (11th Cir. 1984) ('In a case where the sole theory of defense is one of insanity due to alcoholism, we believe that minimally effective representation must include an investigation into the defendant's past and present medical condition.') 'Counsel has an affirmative obligation to make further inquiry where the facts known and available, or within minimal diligence accessible to defense counsel[,] raise a reasonable doubt as to the defendant's mental condition.' Loe v. United States, 545 F. Supp. 662, 666
(E.D.Va. 1982). Walker v. Mitchell, 587 F. Supp. 1432, 1439-40 (E.D.Va. 1984) ('If the law provides that the defendant cannot be convicted of the crime charged if he was too intoxicated to form the requisite intent, and preliminary indications create reasonable grounds for suspecting that the defendant may have been so intoxicated, then counsel has a duty to make further inquiry'). 'This court does not sit to second guess strategic and tactical choices made by trial counsel. However, when counsel's choices are uninformed because of inadequate preparation, a defendant is denied the effective assistance of counsel.' United States v. DeCoster, 487 F.2d 1197, 1201 (D.C. Cir. 1973), after remand, 624 F.2d 196 (D.C. Cir. 1979)."
 "A distinction must be made between a failure to investigate the mental history of an accused and the rejection of insanity as a defense after proper investigation. '[A]n attorney with considerable experience in criminal matters and, therefore, in dealing with a wide range of people . . . may be presumed to have some ability to evaluate the mental capacity of his client.' United States ex rel. Rivera v. Franzen, 594 F. Supp. 198, 202 (N.D.Ill. 1984). 'As a practical matter, when deciding whether to present an insanity defense, the criminal defendant's lawyer is truly the final psychiatrist. It is not the role of a court to doubt his judgment. But here, it cannot be said that counsel ever made a judgment [because counsel did not have sufficient information, although available, on which to base an intelligent decision].' United States ex rel. Lee v. Rowe, 446 F. Supp. 1039, 1047 (N.D.Ill. 1978). Trial counsel may not reject the insanity defense ' "without pursuing the basic inquiries necessary to evaluate its merits intelligently." ' Rivera, 594 F. Supp. at 203. See also Martin v. Maggio, 711 F.2d 1273, 1280 (5th Cir. *Page 941 
1983), rehearing denied, 739 F.2d 184 (5th Cir.), cert. denied, 469 U.S. 1028, 105 S.Ct. 447, 83 L.Ed.2d 373 (1984); Pickens v. Lockhart, 714 F.2d 1455, 1467 (8th Cir. 1983) ('[I]t is only after a full investigation of all the mitigating circumstances that counsel can make an informed, tactical decision about which information would be the most helpful to the client's case')."
 "Defense counsel may not rely upon his client to bring to his attention facts indicating an insanity defense precisely because an accused cannot be expected to know that his psychiatric history afforded him a potential defense. Rivera, 594 F. Supp. at 203. Counsel has a duty to make an independent investigation and prepare the defense and cannot permissibly delegate to his client which defenses to a criminal prosecution will be investigated and pursued. Rivera, 594 F. Supp. at 203, citing Bell v. Watkins, 692 F.2d 999, 1009 (5th Cir. 1982), cert. denied sub nom. Bell v. Thigpen, 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983)."
(Emphasis original)
Here, defense counsel did everything he could to effectively represent his client. He had reason to doubt the sanity and competency of his client and so informed the trial court. The trial court was obviously initially concerned about the appellant's sanity and competency because it ordered the mental evaluation after it was first requested, and the order stated that there was sufficient evidence that such an evaluation was necessary. The trial court erred by allowing the appellant to "waive" the mental evaluation and thereby, dictated to counsel which defenses would not be investigated and pursued. As the court stated in Dill, defense counsel should be the "final psychiatrist" in determining whether to pursue an insanity defense. The defense has the burden of presenting an insanity defense [based on intoxication] and of presenting mitigating evidence. Without a psychiatric evaluation, defense counsel was unable to pursue these avenues and, therefore, was unable to effectively represent his client. By allowing the appellant to decline a mental evaluation, the trial court stripped defense counsel of the ability to defend his client.
In People v. Christopher, 65 N.Y.2d 417, 421, 482 N.E.2d 45,46, 492 N.Y.S.2d 566, 567 (1985), a defendant objected to his attorney's attempts to have a hearing on the defendant's competency. In addressing this issue, the New York Court of Appeals stated, "Whatever may be the right of a criminal defendant represented by counsel to make the ultimate determination of trial strategy, . . . it does not include the right to waive a hearing concerning capacity which counsel has requested. This necessarily follows from the self-contradiction involved in recognizing that a defendant whose capacity is in issue has the capacity to waive a hearing concerning his capacity." The failure to allow defense counsel further inquiry into the appellant's mental capacity effectively denied the attorney the opportunity to present a possible defense and possibly mitigating evidence. The trial court's recision of its order ordering the evaluation was reversible error, particularly in light of Alabama's statute mandating such an inquiry when there is reasonable ground to believe that a defendant is incompetent. See Ala. Code 1975, § 15-16-21, and §15-16-22.
We note that in its brief the State does not argue that an incompetent person can waive a competency determination. It merely argues that there was not enough evidence to warrant a mental evaluation. The trial court in its initial order specifically stated that there was sufficient evidence to warrant an evaluation and nothing in the record indicates that this statement is incorrect. Further, the court did not rescind the order of the evaluation because it changed its mind on the sufficiency of the evidence concerning the appellant's competency and sanity; it rescinded the order because the appellant objected to the evaluation. As we have stated in this opinion, to do so constituted reversible error.
This court, like the court in Ake, recognizes the "defendant's compelling interest in fair adjudication at the sentencing phase of a capital case" and the State's "profound interest in assuring that its ultimate sanction is not erroneously imposed" and, therefore, *Page 942 
finds that the "probable value that the assistance of a psychiatrist" would have provided defense counsel far outweighs the "risk attendant on its absence." Ake, 470 U.S. at 84,105 S.Ct. at 1096. The appellant was denied due process and the right to a fair trial. We must reverse the judgment and reverse the cause for a new trial.
REVERSED AND REMANDED.
All the Judges concur.
[1] In Pierce v. State, 52 Ala. App. 422, 293 So.2d 483 (1973), cert. quashed, 292 Ala. 745, 293 So.2d 489 (Ala. 1974) this court criticized the logic of Pate as "fundamentally irrational." However, this court recognized that under the Supremacy Clause of the United States Constitution, we are bound to follow the law as set out in Pate.