JOINER, Judge.
Gary Lynn Weeks was convicted of attempted first-degree assault, see §§ 13A-4-2 and 13A-6-20, Ala. Code 1975, attempting to elude a law-enforcement officer, see § 13A-10-52, Ala. Code 1975, and reckless endangerment, see § 13A-6-24, Ala. Code 1975. Weeks was sentenced, as a habitual offender, to 22 years' imprisonment on the attempted-assault and attempting-to-elude convictions.[1] He was also sentenced to 12 months' imprisonment on the reckless-endangerment conviction. The Lauderdale Circuit Court ordered that those sentences were to run concurrently with each other. Weeks was also ordered to pay court costs, attorney fees, and a $150 crime-victims-compensation assessment.
Facts and Procedural History
Weeks does not challenge the sufficiency of the State's evidence. Thus, only a brief recitation of the facts underlying his convictions is necessary. On February 17, 2016, Weeks was driving down Megan Drive in Lauderdale County in a Ford Explorer sport-utility vehicle when Alabama State Trooper Jason Hewitt decided to pull him over after noticing that there was no license plate on the vehicle. According to State Trooper Hewitt, Weeks did not stop his vehicle. As State Trooper Hewitt pursued Weeks's vehicle, several other state troopers became involved in the pursuit. At one point, state troopers attempted to "box in" Weeks's vehicle. As they did so, Weeks re-entered the roadway *895 and struck State Trooper Joe McDonald's patrol car. Following a second attempt to "box in" Weeks's vehicle, Weeks, once again, struck State Trooper McDonald's patrol car with his own vehicle. Weeks then lost control of his vehicle and spun out. State troopers were eventually able to "box in" Weeks's vehicle and bring it to a complete stop. Following a short pursuit on foot, Weeks was placed under arrest.
On September 29, 2016, the Lauderdale County grand jury returned a four-count indictment against Weeks.[2] On October 26, 2016, Weeks was duly arraigned and entered pleas of not guilty to all four charges.
On October 31, 2016, Weeks filed a motion for a mental evaluation to determine whether Weeks could assist in his own defense. At the hearing on the motion for a mental evaluation, the following exchange occurred:
"THE COURT: I had set this matter for a motion on [defense counsel's] mental eval[uation]. He'd filed it some time ago but I, you know, oftentimes it takes a while to get medical records. Have you been successful?
"[Defense counsel]: Yes, Your Honor. I do have some notes here from Riverbend mental health facility from several years ago involving Mr. Weeks's traumatic brain injury. If you will pay attention to Page 11 of 14 at the top. The medical records indicate a psychosis as well as a-it's kind of hard to read, Your Honor. Apparently it's a doctor or nurse writing that. And pay attention to poor impulse control, possible organic brain syndrome and several other indicators for a mental disease or defect. We do believe we've met our threshold about that.
"THE COURT: [Prosecutor], has the State had an opportunity to evaluate the records?
"[Prosecutor]: I'm familiar with the case and [Weeks] and as long as you feel like it meets the threshold, we have no objection.
"THE COURT: All right. I think it does. I'll get a mental evaluation. The motion is granted."
(Supp. R. 13-14 (emphasis added).)
On January 25, 2017, the circuit court entered an order stating:
"This cause comes before the Court on [Weeks's] Motion for Mental Evaluation, and after hearing the same this date, the Court finds that the threshold has been met and orders as follows:
"....
"[Weeks] shall undergo an examination by a Certified Forensic Examiner to conduct a clinical evaluation of [Weeks's] competency to stand trial and mental state at the time of the alleged offense.
"....
"Further criminal proceedings against [Weeks] are hereby stayed until such time as the Court receives a completed report from the Certified Forensic Examiner."
(C. 66.)
On February 21, 2017, the circuit court held a hearing at which Weeks, who was represented by advisory counsel,[3] made an *896 oral motion to withdraw his motion for a mental evaluation.[4] The record shows that counsel advised against Weeks's withdrawal "based upon the evidence that I've seen." (Second Supp. R. 5.) The circuit court, however, granted the motion and permitted the proceedings against Weeks to go forward.
On March 6, 2017, Weeks's jury trial began. Weeks was found guilty of attempted first-degree assault, see §§ 13A-4-2 and 13A-6-20, Ala. Code 1975, of attempting to elude a law-enforcement officer, see § 13A-10-52, Ala. Code 1975, and of reckless endangerment, see § 13A-6-24, Ala. Code 1975.[5] Weeks was then sentenced as indicated above. Thereafter, Weeks gave timely notice of appeal.
Discussion
Resolution of this appeal requires us to address only Weeks's argument that the circuit court erred in failing to order an evaluation of his competency to stand trial. Specifically, Weeks argues that the circuit court's determination that Weeks had met his "threshold" with sufficient evidence of incompetency entitled him to an evaluation that, he argues, could not be waived under the circumstances of this case. (Weeks's brief, pp. 13-17.) We agree.
On October 31, 2016, Weeks filed a motion for a mental evaluation to determine his competency to proceed to trial. (C. 53.) On January 25, 2017, a hearing was held on Weeks's motion. After receiving documentation of Weeks's prior mental health records and hearing oral argument on the issue, the circuit court granted the motion and found that the minimum threshold required for ordering a mental evaluation had been met. (Supp. R. 14.) That same day the circuit court issued a written order in which it stated that Weeks was to
"undergo an examination by a Certified Forensic Examiner to conduct a clinical evaluation of [Weeks's] competency to stand trial and mental state at the time of the alleged offense."
(C. 66.) In that order, the circuit court stayed any further criminal proceedings against Weeks "until such time as the Court receives a completed report from the Certified Forensic Examiner." Id.
On February 21, 2017, the circuit court held a hearing at which Weeks, who was represented by advisory counsel, made an oral motion to withdraw his motion for a mental evaluation. (Second Supp. R. 2.) The record shows that counsel advised against Weeks's withdrawal of the motion "based upon the evidence that I've seen." (Second Supp. R. 5.) The following exchange occurred:
"THE COURT: I got you. Couple of things we need to address. I know this is set for trial week after next and that we have some-I know from discussions that there is a pending motion for a mental evaluation but I understand it's your desire, Mr. Weeks, to withdraw that motion; is that correct?
"THE DEFENDANT: Yes, sir.
"THE COURT: Have you had plenty of time to discuss that with your attorney?
"THE DEFENDANT: We talked about it one or two times.
"THE COURT: Has he advised against you withdrawing?
*897 "THE DEFENDANT: Yes, sir, he has.
"THE COURT: So you're traveling now against your attorney's advice with regards to a mental evaluation?
"THE DEFENDANT: Well, your Honor, the thing about it is-
"THE COURT: So you would-you would be going against his advice; is that what you're telling me?
"THE DEFENDANT: Yes, sir, but what I'm trying to say, your Honor, is I been down there in jail a year. All right. I come in chronic care for my leg. Anything-I'm a chronic care patient. Right now when I lay down from my knees down is like putting them in the freezer. My circulation is being cut off and I'd rather just go out and just shoot me, you know, to get it over with, you know, if you hate me that bad, you know, so I've got to get to a doctor and I can't get to a doctor down there because I got-I been in there a year. I'm a diabetic and I ain't had no medicine so I done like you did, just take it in court so I've got them in federal court now trying to get some medical attention and I can't get none, and so I can't get nobody to hear what I'm saying and so I've got to do something to get some medical treatment.
"THE COURT: I understand. Your oral motion to withdraw your motion for a mental evaluation is granted. I will allow you to withdraw that motion and so that means that the case will remain set for trial for that March term."
(Second Supp. R. 2-4.)
" 'A trial of an accused who is incompetent violates due process.' " Frazier v. State, 758 So.2d 577, 585 (Ala. Crim. App. 1999) (quoting Wagner v. State, 489 So.2d 623, 628 (Ala. Crim. App. 1985) ). This Court has provided the following description of the trial court's role in evaluating the competency of an accused to stand trial:
"The United States Supreme Court in Pate v. Robinson [, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966),] held that a trial court must conduct a competency hearing when it has a 'reasonable doubt' concerning the defendant's competency to stand trial. That Pate holding is incorporated into § 15-16-22, Ala. Code 1975. That section reads, in pertinent part:
" '(a) Whenever it shall be made known to the presiding judge of a court by which an indictment has been returned against a defendant for a capital offense, that there is reasonable ground to believe that such defendant may presently lack the capacity to proceed or continue to trial, as defined in Section 22-52-30, or whenever said judge receives notice that the defense of said defendant may proceed on the basis of mental disease or defect as a defense to criminal responsibility; it shall be the duty of the presiding judge to forthwith order that such defendant be committed to the Department of Mental Health and Mental Retardation for examination by one or more mental health professionals appointed by the Commissioner of the Department of Mental Health and Mental Retardation.'
"(Emphasis added.)
" Rule 11.1, Ala. R. Crim. P., defines 'mentally incompetent' as 'lack[ing] sufficient present ability to assist in his or her defense by consulting with counsel with a reasonable degree of rational understanding of the facts and the legal proceedings against the defendant.'
" Rule 11.6, Ala. R. Crim. P., provides:
" 'a) Preliminary Review. After the examinations have been completed and the reports have been submitted *898 to the circuit court, the judge shall review the reports of the psychologists or psychiatrists and, if reasonable grounds exist to doubt the defendant's mental competency, the judge shall set a hearing not more than forty-two (42) days after the date the judge received the report or, where the judge has received more than one report, not more than forty-two (42) days after the date the judge received the last report, to determine if the defendant is incompetent to stand trial, as the term "incompetent" is defined in Rule 11.1. At this hearing all parties shall be prepared to address the issue of competency.'
"(Emphasis added.)
"The trial court has been described as the initial 'screening agent' for mental-health issues:
" '[Section 15-16-21, Ala. Code 1975,] places the initial burden on the trial court to determine whether there are "reasonable grounds" to doubt the accused's sanity. "The trial court is, thus, the 'screening agent' for mental examination requests." Reese v. State, 549 So.2d 148, 150 (Ala. Cr. App. 1989). " 'It is left to the discretion of the trial court as to whether there is a reasonable or bona fide doubt as to sanity, and, thus, whether a further examination is required.' " 549 So.2d at 150. The trial court makes a preliminary determination "without the aid of a jury as to whether reasonable grounds existed to doubt the defendant's competency." Rule 11.3, A.R. Crim. P., Committee Comments.'
" Daniels v. State, 621 So.2d 335, 337 (Ala. Crim. App. 1992)."
Luong v. State, 199 So.3d 173, 194-95 (Ala. Crim. App. 2015).
In the present case, the circuit court initially granted Weeks's motion for a mental evaluation to determine his competency to stand trial. In rendering its decision, the circuit court specifically stated that there was sufficient evidence to warrant such an evaluation. The circuit court later rescinded that order, however, not because it had changed its mind on the need for an evaluation but because Weeks purported to waive the evaluation.
In Roy v. State, 680 So.2d 936 (Ala. Crim. App. 1996), this Court, addressing a similar situation, stated:
"In Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815 (1966), the United States Supreme Court held that 'it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently "waive" his right to have the court determine his capacity to stand trial.' 'Whether the defendant believed he was competent to stand trial is irrelevant for, if a defendant is incompetent to stand trial, his belief that he is able to do so is without import.' Bundy v. Dugger, 816 F.2d 564, 566, n. 2 (11th Cir. 1987).
"....
"Numerous courts have addressed this issue and have concluded that an incompetent cannot waive his right to a competency hearing. See also People v. Lucas, 47 Mich. App. 385, 209 N.W.2d 436 (1973) (both defendant and his attorney are prohibited from waiving the right to have the court determine defendant's capacity to stand trial); State v. Bauer, 310 Minn. 103, 245 N.W.2d 848 (1976) (trial court has continuing duty during trial to institute procedures to evaluate defendant's competency if a doubt arises as to competency.); In re Davis, 8 Cal. 3d 798, 505 P.2d 1018, 106 Cal.Rptr. 178 (1973) ('this court has held that when a "doubt" arises in the mind of the trial judge regarding defendant's present sanity or competence to stand trial, it becomes his duty to certify the defendant for a sanity hearing; the *899 matter is jurisdictional and cannot be waived by defendant or his counsel'); Miller v. State, 498 S.W.2d 79 (Mo. App. 1973) (trial counsel held to be ineffective because he purported to waive a competency determination and allow the defendant to plead guilty); Demos v. Johnson, 835 F.2d 840 (11th Cir. 1988), cert. denied, 486 U.S. 1023, 108 S.Ct. 1998, 100 L.Ed. 2d 229 (Ala. 1988) (despite defendant's statement that he was capable of assisting in his defense, the failure of the trial court 'to grant a psychiatric examination or to make further inquiry into the accused's competence constituted a Pate violation and denied him a fair trial' under federal and Alabama law); People v. Lowe, 109 A.D.2d 300, 491 N.Y.S.2d 529 (1985) (incompetent defendant cannot waive safeguards enacted to ensure that an incompetent person cannot be convicted); People v. Johnson, 15 Ill. App. 3d 680, 304 N.E.2d 688 (1973) (neither defendant nor trial counsel could waive defendant's right to jury trial in restoration hearing to determine the defendant's competency); Adams v. Wainwright, 764 F.2d 1356 (11th Cir.1985), cert. denied, 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed. 2d 805 (1986) ; (right to a competency hearing cannot [be] waived) )."
Roy, 680 So.2d at 938-39.
In Roy, this Court noted that "[t]he trial court was obviously initially concerned about the appellant's sanity and competency because it ordered the mental evaluation after it was first requested, and the order stated that there was sufficient evidence that such an evaluation was necessary." 680 So.2d at 941. Under the circumstances in Roy, this Court held:
"The trial court in its initial order specifically stated that there was sufficient evidence to warrant an evaluation and nothing in the record indicates that this statement is incorrect. Further, the court did not rescind the order of the evaluation because it changed its mind on the sufficiency of the evidence concerning the appellant's competency and sanity; it rescinded the order because the appellant objected to the evaluation. As we have stated in this opinion, to do so constituted reversible error."
680 So.2d at 941.
As demonstrated by the caselaw quoted above, a defendant's waiver, alone, is insufficient to waive his right to a competency evaluation when the circuit court has information before it indicating that the defendant's competency to stand trial is in question. Accordingly, under these circumstances, the circuit court's failure to order such an evaluation was reversible error, and Weeks was denied due process and the right to a fair trial.
Conclusion
The judgment of the circuit court is due to be reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Windom, P.J., and Welch, Kellum, and Burke, JJ., concur.

An attempting-to-elude offense is ordinarily classified as a Class A misdemeanor unless the "flight or attempt to elude causes an actual death or physical injury to innocent bystanders or third parties, in which case the violation shall be a Class C felony." § 13A-10-52, Ala. Code 1975. According to the clerk's record in this case, the circuit court treated the attempting-to-elude charge as a Class C felony. (C. 74-75, 77-78.) Although we are concerned that the record does not indicate whether an injury to a bystander or third party occurred, because we are reversing the convictions and remanding this case, a review of this issue is not necessary at this time.

In that indictment, Weeks was charged with first-degree attempted assault, see §§ 13A-6-20 and 13A-4-2, Ala. Code 1975; unlawful possession of a controlled substance, see § 13A-12-212, Ala. Code 1975; fleeing or attempting to elude a law-enforcement officer, see § 13A-10-52, Ala. Code 1975; and reckless endangerment, see § 13A-6-24, Ala. Code 1975. The State nol prossed the unlawful possession of a controlled substance charge and Weeks proceeded to trial on the three remaining charges.

Before his trial, Weeks made an oral motion asking that the circuit court relieve his defense counsel so that he could represent himself at trial. (C. 76.) Although the circuit court granted this motion, it still ordered Weeks's defense counsel to serve as "advisory counsel" during the course of Weeks's trial. Id.

At the hearing, Weeks again moved for his counsel to withdraw. The circuit court, however, denied the motion, and required that counsel remain as "advisory" counsel. (Second Supp. R. 4.)

The State nol prossed the unlawful-possession-of-a-controlled-substance charge and proceeded to trial on the three remaining charges.